UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON HENRY,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SOLANO, CALIFORNIA,<br><br>        Defendant. | No.  2:21-cv-01506-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

I.  BACKGROUND

Sharon Henry ("Plaintiff") brings this action against Solano County ("Defendant") to "hold the District Attorney's Office accountable for gender, race, age and disability discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), the California Labor Code, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act of 1990."  Sec. Am. Compl. ("SAC") ¶ 4, ECF No. 17.  Specifically, Plaintiff, a sixty-year-old black woman, alleges she was stripped of significant portions of her duties as the Chief Deputy District Attorney when she elected to work from home during the COVID-19 pandemic and some

1

of those duties were reassigned to white men.  Id. ¶¶ 1-3, 24-25.
When she returned to the office in September 2020, these duties
were not reinstated.  Id. ¶ 25.  Plaintiff reported this to Human
Resources and was retaliated against further.  Id. ¶¶ 29-32.
This lawsuit ensued.  See Compl., ECF No. 1.

While Plaintiff asserts sixteen claims against Defendant, the present motion concerns only four: (i) Claim 1: Race Discrimination in Violation of FEHA; (ii) Claim 5: Gender Discrimination in Violation of FEHA; (iii) Claim 12: Race Discrimination in Violation of Title VII; and (iv) Claim 15: Gender Discrimination in Violation of Title VII.  See Mot., ECF No. 18-1.  Defendant previously moved to dismiss these same four claims, see First Mot., ECF No. 11, and the Court granted that motion, see February 15, 2022, Hearing, ECF No. 16.  Plaintiff then amended her race and gender discrimination claims.  See generally SAC.  Contending the amendments do not cure the deficiencies identified by the Court, Defendant moves again to dismiss these four claims.  See Mot.  Plaintiff filed an opposition.  See Opp'n, ECF No. 23.  Defendant replied.  See Reply, ECF No. 24.  For the reasons set forth below, the Court grants Defendant's motion.[1]

## II.   OPINION

A.   Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief.  Fed. R.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 7, 2022.

1  Civ. P. 12(b)(6).  "To survive a motion to dismiss [under
2  12(b)(6)], a complaint must contain sufficient factual matter,
3  accepted as true, to state a claim for relief that is plausible
4  on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
5  (internal quotation marks and citation omitted).  While
6  "detailed factual allegations" are unnecessary, the complaint
7  must allege more than "[t]hreadbare recitals of the elements of
8  a cause of action, supported by mere conclusory statements."
9  Id.  "In sum, for a complaint to survive a motion to dismiss,
10 the non-conclusory 'factual content,' and reasonable inferences
11 from that content, must be plausibly suggestive of a claim
12 entitling the plaintiff to relief."  Moss v. U.S. Secret Serv.,
13 572 F.3d 962, 969 (9th Cir. 2009).
14      B.   Analysis
15      Title VII makes it unlawful for an employer to
16 "discriminate against any individual with respect to [her]
17 compensation, terms, conditions, or privileges of employment,
18 because of such individual's race, color, religion, sex, or
19 national origin."  42 U.S.C. § 2000e-2.  Similarly, FEHA
20 prohibits employment discrimination on the basis of race, medical
21 condition, gender, or age.  Cal. Gov't Code § 12940(a).
22 Title VII and FEHA also prohibit an employer from retaliating
23 against an individual because he or she has made a charge
24 of discrimination or opposed a discriminatory practice.  42
25 U.S.C. § 2000e-3; Cal. Gov't Code § 12940(h).
26      In the Ninth Circuit, courts analyze Title VII and FEHA
27 discrimination claims together.  Metoyer v. Chassman, 504 F.3d
28 919, 941 (9th Cir. 2007); see also Brooks v. City of San Mateo,

1  229 F.3d 917, 923 (9th Cir. 2000) (assessing Title VII and FEHA
2  claims together "under federal law because Title VII and FEHA
3  operate under the same guiding principles"). To state a claim
4  for either racial or gender discrimination under Title VII or
5  FEHA, Plaintiff must plead: (1) she is a member of a protected
6  class; (2) she was qualified for her position; (3) she
7  experienced an adverse employment action; and (4) similarly
8  situated individuals outside her protected class were treated
9  more favorably, or other circumstances surrounding the adverse
10 employment action give rise to an inference of discrimination.
11 Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847
12 (9th Cir. 2004); see also Guz v. Bechtel Nat'l, Inc., 24 Cal.4th
13 317, 354-355 (2000).

14     Defendant does not challenge the sufficiency of the SAC as
15 to the first two elements. Mot. at 5. Rather, Defendant
16 contends Plaintiff's allegations in support of the final elements
17 remain insufficient. Id. at 5-13. Defendant thus urges the
18 Court to dismiss Plaintiff's race and gender discrimination
19 claims for the same reason it previously did: the allegations in
20 support of these claims are conclusory, speculative, and vague
21 such that a discriminatory motive for the County's personnel
22 decisions cannot be inferred. Id.

23     Insisting her race and gender claims are factually
24 supported, Plaintiff directs the Court to the newly added factual
25 allegations in paragraphs 14-17, 27-28, 31, 34, and 39-45. Opp'n
26 at 2-3. After careful review of these paragraphs, the Court
27 finds the SAC continues to lack articulable facts sufficient to
28 create an inference of a discriminatory motive for the County's

personnel decisions.  See Iqbal, 556 U.S. at 678 (explaining the court need not "accept as true a legal conclusion couched as a factual allegation.").

Further, the Court acknowledges Plaintiff's legal argument that Defendant's use of certain facially neutral words may support a claim of race and/or gender discrimination; but that is so only when "in combination with other concrete factual allegations" because "without more [plaintiff's] subjective interpretation of [defendant's] use of these critical but facially non-discriminatory terms does not, itself, reveal discriminatory animus."  Humphries v. City of New York, No. 13 Civ. 2641(PAE), 2013 WL 6196561, at *9 (S.D.N.Y. Nov. 26, 2013).  Here that something "more" is missing.  There are no concrete facts supporting Plaintiff's subjective beliefs about those words being race- or gender- charged.  See SAC.  "Feelings and perceptions of being discriminated against are not evidence of discrimination."  Humphries, 2013 WL 6196561, at *9 (internal citations omitted).

In short, neither facially neutral words alone nor Plaintiff's subjective beliefs about them are sufficient to state a discrimination claim.  Nor are her generalized observations about the "work environment at the Solano County District Attorney's Office."  Opp'n at 2 (citing to SAC ¶¶ 14, 15, 17). Because Plaintiff does not plausibly allege discrimination on the basis of race or gender, claims 1, 5, 12, and 15 are dismissed.[2]

---

[2] As the Court dismisses for lack of factual support, it does not reach the parties' additional arguments regarding the same actor inference.  See Mot. at 11-12; see also Opp'n at 8.

Finding further amendment would be futile, the Court dismisses these claims with prejudice. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (explaining that "where the plaintiff has previously been granted leave to amend and has subsequently failed to [correct the deficiencies] the district court's discretion to deny leave to amend is particularly broad"); see also Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

## III.  ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's race and gender discrimination claims (1, 5, 12, and 15).

IT IS SO ORDERED.

Dated: July 13, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE